UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUINTIN J. MAYWEATHER-BROWN, )
)
        Plaintiff, )
)
  vs. )  CAUSE NO. 3:19-CV-409-RLM-MGG
)
MARK SEVIER, )
)
        Defendant. )

## OPINION AND ORDER

Quintin J. Mayweather-Brown, a prisoner without a lawyer, filed this suit[1] without paying the filing fee. He was granted leave to proceed in forma pauperis, despite having accrued three strikes under 28 U.S.C. § 1915(g), because he alleges that he is in imminent danger of serious physical injury.

Mr. Mayweather-Brown says he moved for a preliminary injunction because he has an allergy to eggs and goes into anaphylactic shock when eggs are the main ingredient in food or when food containing eggs isn't cooked thoroughly. ECF 1 at 1. He has been issued several no egg dietary cards, which are good for 90 days, while he has been housed at the Westville Correctional Facility. *Id.* at 1-2. Mr. Mayweather-Brown alleges that he's no longer provided with an egg free diet and, instead he receives meals with eggs and egg noodles on his tray. *Id.* at 2. He says he can't eat any of the food on his tray because the egg and egg products

---

[1] This lawsuit was initiated with a document titled as a preliminary injunction, but he clearly wanted to start a lawsuit, so the court construes it as both a complaint and preliminary injunction.

contaminate his tray. *Id.* Mr. Mayweather-Brown claims he is malnourished, receives an inadequate caloric intake, and is exposed to the unnecessary risk of having an extreme allergic reaction. *Id.* He further states that a nurse told him "[w]e were told no on the no egg diet [and] to just monitor [his] reaction." *Id.*

These allegations state a plausible claim that Mr. Mayweather-Brown is in imminent danger. He seeks both monetary compensation and injunctive relief. But claims for monetary damages based on past events aren't genuine emergencies, so he can only proceed on a claim for injunctive relief.

"The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore injunctive relief – if granted – will be limited to requiring the Westville Correctional Facility to provide Mr. Mayweather-Brown with a diet free of allergens that pose an imminent danger of serious physical injury.

The only defendant Mr. Mayweather-Brown named in his complaint is the Warden of Westville Correctional Facility. "[T]he warden . . . is a proper defendant

[for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS Quintin J. Mayweather-Brown leave to proceed against the Warden of the Westville Correctional Facility in his official capacity on an injunctive relief claim to provide him with a diet free of allergens that pose an imminent danger of serious physical injury;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(4) ORDERS the Warden of the Westville Correctional Facility to file an affidavit or declaration with the court by **June 14, 2019**, explaining how Quintin J. Mayweather-Brown is being fed so that he is not receiving allergens that pose an imminent danger of serious physical injury to him; and

(5) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), the Warden of the Westville Correctional Facility respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the

claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 31, 2019

          /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT